EMANUEL *vs.* ATWOOD.

1. Where one makes a promissory note negotiable at bank, and the bank becomes its purchaser,—no set off can be allowed against it in favor of the maker against the payee. In such a note, the maker impliedly stipulates that he will forego every defence against the payee, and all intervening holders, and it would be a fraud on the bank to set up offsets against a note, under such circumstances.

2. Where one executed an instrument coetaneous with a promissory note, negotiable in bank, by which he bound himself to give a satisfactory endorser on the note, to enable the holder to negotiate the same to his satisfaction,—it was held, that the instrument must be taken to be an incident to the promissory note, and equally binding with the note, and could not be considered a mere gratuity.

3. And where a promissory note, accompanied by an instrument thus made, was negotiable—in an action on the note, by the endorsee, it was held, that evidence of an offset against the payee, was not admissible.

Error to the Circuit court of Wilcox county.

Assumpsit on a promissory note, negotiable at bank. At the September term of the said court, eighteen hundred and thirty-three, the plaintiff complained of defendant, that theretofore, at a certain place mentioned, on the fourteenth day of March, A. D. eighteen hundred and twenty-seven, defendant made his certain promissory note, in writing, bearing date, &c. and thereby then and there promised to pay, on the tenth day of January next succeeding the date thereof, to the order of one John Jenkins, by the name and description of John Jenkins, Esquire, fourteen hundred and sixty-six dollars and four cents, payable and ne-

gotiable at either of the banks in Mobile, for value received; and then and there delivered the said promissory note to the said John Jenkins, and the said John Jenkins to whom, or to whose order the payment of the said sum of money, mentioned in the said note, was thereby to be made, afterwards, and before the payment of the said sum of money mentioned in the said note, or any part thereof, and before the time appointed by the said note for the payment thereof, to wit, on the day and year aforesaid, at the county aforesaid, endorsed the said note, and by that endorsement ordered and appointed the contents of the said note to be paid to the said plaintiff, and then and there delivered the said note so endorsed to the said plaintiff; of all of which said several promises, the said defendant, afterwards, viz: on the same day and year aforesaid, at the county aforesaid, had notice; by reason of which said several promises, and by force of the statute in such case made and provided, he the said defendant, then and there became liable to pay to the said plaintiff the said sum of money, mentioned in the said note, according to the tenor and effect of the said note, and of the said endorsement, so thereon made as aforesaid; and being so liable, he the said defendant, in consideration thereof, afterwards, to wit, on the same day and year aforesaid, at the county aforesaid, undertook, and then and there faithfully promised to pay to the said plaintiff, the said sum of money in the said promissory note mentioned and specified, according to the tenor and effect of the said promissory note, and of the said endorsement so thereon made as aforesaid. And the said plaintiff averred, that afterwards, to wit, on the twelfth day of January, eighteen hundred and twenty-eight, at the Bank of Mobile, to wit, in the county aforesaid, and one of the banks in Mobile aforesaid, at the time the said note so endorsed as aforesaid, became due and payable, the said promissory note so endorsed as aforesaid, was duly pre-

sented and shewn at the said Bank of Mobile for payment thereof, and payment of the said sum of money therein specified was then and there duly required, according to the tenor and effect of the said promissory note, and of the said endorsement so thereon made as aforesaid; but that neither the said defendant nor any other person or persons on behalf of said defendant, did or would at the said time, when the said promissory note so endorsed as aforesaid, was so presented and shewn for payment as aforesaid, or at any time before or afterwards, pay the said sum of money therein specified, or any part thereof, but wholly neglected and refused so to do, and still did neglect and refuse so to do, although often requested. To the damage, &c.

To the declaration defendant plead, non assumpsit, payment and set-off.

And at the Spring term, eighteen hundred and thirty-five, came a jury, who upon their oaths said, they found a verdict for the plaintiff, and assessed his damages at twenty-three hundred and forty-five dollars and seventy-one cents: It was therefore considered by the court, that the plaintiff recover of defendant the said sum so assessed by the jury, for his damages by him sustained, by reason of the premises, and also the costs by him expended, &c.

Whereupon, a motion was made by defendant for a new trial, and the court ordered a new trial on defendant's paying the costs of the action, as a condition precedent, within three months.

And at Spring term, eighteen hundred and thirty-seven, there came a jury of good and lawful men, who were elected, tried and sworn, well and truly to try the issue, and on their oaths they said, they found a verdict for the defendant: It was therefore considered by the court, that the defendant should go without day and recover of the plaintiff the costs by him about his defence in that behalf expended, for which execution might issue, &c.

The bill of exceptions stated, that on the trial, the plaintiff offered in evidence a note in the following words and figures, to wit, "Prarie Bluff, March 14, 1837. $1466 04-100. On the tenth day of January next, I promise to pay to the order of John Jenkins, Esquire, fourteen hundred and sixty-six dollars and four cents, payable and negotiable at either of the banks in Mobile, for value received. Henry S. Atwood—endorsed, John Jenkins."

To which note was appended a statement in writing, admitted to be genuine, and taken as proved in the following words and figures: "Whereas, I have this day given to Mr. John Jenkins, my note for fourteen hundred and sixty-six dollars and four cents, due 10th January next; also one for seven hundred dollars, due same time. I do hereby bind myself unto the said John Jenkins, to give him a satisfactory endorser upon said note, living and residing in Mobile, provided he cannot negotiate said notes to answer his purpose without. March 14, 1837. Henry S. Atwood."—And produced and proved the protest of said note, for non payment, when due, and while the plaintiff was holder, and there rested his case.

The defendant then proposed to offer in evidence, a note in the following words and figures, to wit: "$3036 38-100. Dale, Wilcox county, June 1st, 1826. On the first day of January next, I promise to pay to the order of Mr. John Jenkins, three thousand and thirty-six dollars, thirty-eight cents, payable and negotiable at the Bank of Mobile, for value received. John B. Bass—endorsed, John Jenkins;" and to prove that he was the person to whom the note was endorsed, and that the note was not paid at maturity, and that demand was made and notice given to John Jenkins, the endorser: to the admission of all which evidence, the plaintiff objected; but the objections were overruled by the court, and said notice and evidence of demand, and notice given, went to the jury. To which decision of the court, overruling his objections to said offset, the plaintiff excepted, &c.

The plaintiff in error now assigned—

1st. That the court erred in admitting the offset objected to, as stated in the bill of exceptions.

2d. The court erred in making the decision excepted to.

*J. B. Clarke*, for the plaintiff in error.
*Phillips & Edwards*, contra.

*Clarke*, for the plaintiff, contended, that no offset of a debt against the payee of a promissory note, could be plead to a note made payable in bank, after the same was negotiated by the payee; and that even if such offset could be plead against an endorsee, it was questionable, whether it could, to the note on which the present action was founded, under the evidence; and cited Mandeville vs. the Union Bank of Georgetown—9 Cranch, 9; Fellows vs. Carpenter—Kirby, 364. The agreement appended, operated as a letter of credit—a guaranty of payment to the endorsee, and it was manifest that the parties also intended that the note should be negotiated. Coxe's Dig. 97, s. 108–9; 3 Cowen's R. 284; 1 Johns. R. 319; 5 Am. Dig. 365; 2 Rand. R. 247.

COLLIER, C. J.—The plaintiff in error brought assumpsit against the defendant, in the Circuit court of Wilcox, and declared as indorsee of John Jenkins, on a promissory note, by which the defendant, on the 14th March, 1827, promised to pay to Jenkins fourteen hundred and sixty-six 4-100 dollars, on the tenth day of January thereafter, "payable and negotiable at either of the banks in Mobile." The pleas were non assumpsit payment, and set-off. It appears from a bill of exceptions, taken at the trial, that the plaintiff having read to the jury his note and indorsement, with a protest for non-payment,—also proved and read an agreement thereto appended, in these words: "Whereas, I have this day given to Mr. John Jenkins, my note for fourteen hundred and sixty-six dollars and 04 cents, due 10th Janu-

ary next; also, one for seven hundred dollars, due same time. I do hereby bind myself unto the said John Jenkins, to give him a satisfactory indorser upon said notes, living and residing in Mobile, provided he cannot negotiate said notes to answer his purpose without. March 14, 1827."

The defendant also offered in evidence, by way of set-off, a promissory note in these words: "$3036 38-100. Dale, Wilcox county, June 1st, 1826. On the first day of January next, I promise to pay to the order of Mr. John Jenkins, three thousand and thirty-six dollars, 38 cents, payable and negotiable at the Bank of Mobile, for value received." (Signed,) "John B. Bass," endorsed, "John Jenkins," and proposed to shew that he was the person to whom the note was endorsed— that it was not paid at maturity—and that a demand was made, and notice of non-payment given to the indorser. To the admission of all this evidence, the plaintiff objected; but his objection being overruled, the note, with the proof of demand of Bass, and notice of non-payment to Jenkins, was allowed to go to the jury. Whereupon the plaintiff excepted, and verdict and judgment being rendered against him, he has sued out a writ of error to this court.

Apart from statute, we consider it clear, that where one makes a promissory note negotiable at bank, and the bank becomes its purchaser, no set-off can be allowed against it, in favor of the maker against the payee. By thus agreeing that the holder may pass the property in the paper to the bank, the maker impliedly stipulates that he will forego every defence against the payee and intervening holders, should it be thus negotiated; and is equivalent to saying to the bank, "if you will purchase my note, I will honor it at maturity." But it is needless to consider this question at greater length, for it was expressly decided in *Mandeville vs. Union Bank,**

---

* 9 Cranch R. 9.

that it would be a fraud on the bank, to set up off-sets against a note, under such circumstances growing out of transactions between the parties ; that the off-sets were waived, and could not, after the note has been discounted, be again set up.

Let us inquire whether the case at bar comes within the influence of the principle we have stated. The defendant makes his notes in favor of Jenkins, payable and negotiable at either of the banks in Mobile, and at the same time agrees with him *in writing* to furnish a satisfactory indorser upon each of the notes, residing in that city, if he cannot negotiate them so as to answer his purpose .without. This agreement does not contemplate a negotiation of the notes with the banks only, but with any one and in any way that may best subserve Jenkins' purpose. And it is not merely an implied, but an express assent that they may be passed off in the course of business, and if necessary to effect that object, an undertaking to furnish a suitable indorser. Placing this agreement out of view, and it would not be insisted that had the bank become the proprietor of the note in question, an offset was allowable. Taking the note in connection with the agreement, and the case is considered quite as strong against the defendant. It was clearly not the expectation of the one party, or the intention of the other, that the notes should remain in the hands of the payee until maturity—such an idea is opposed to the defendants undertaking, which never would have been given but from the clear understanding of the parties, that the notes were to be used for the purposes of trade, even before maturity. In fact the stipulation of the defendant furnishes conclusive proof that nothing else was designed, and amounts to a waiver in advance of all offsets against either of the notes in the hands of a *bona fide* indorsee.

The notes and agreement of the defendant being simultaneously made, the latter *must be taken to be* an incident to the former, and equally binding with them; and cannot in the absence of proof be considered as

merely gratuitous. Our opinions are, that the offset offered by the defendant was not admissible, and that the court erred in allowing his evidence to go to the jury.

The judgment is reversed and the cause remanded.

GOLDTHWAITE, J.—Not sitting.