## McDonald v. Husted.

1. A note made negotiable and payable at Bank, is not subject to off-set in the hands of a *bona fide* indorsee, who has acquired it previous to maturity, although it has never been negotiated at the Bank where it is made payable.

Writ of error to the Circuit Court of Sumter county.

ASSUMPSIT by the plaintiff as indorsee against the defendant, as the surviving maker of a promissory note, in these terms:

                                                  14*th April*, 1836.

$659 10–100.

Twelve months after date, we promise to pay, Hurlbutt & Collins, six hundred and fifty-nine 10-100 dollars, value received, negotiable and payable at the Branch of the Bank of the State of Alabama at Mobile.

                              A. McDONALD & CO.

At the trial, it was admitted by the defendant, that the note was assigned and endorsed by the payees to the plaintiff, previous to its maturity, and lodged with the Bank for collection. The defendant then produced and offered in evidence, a promissory note, made by the said Hurlbutt & Collins, to one Isaac Osgood, also negotiable and payable as aforesaid, of earlier date and maturity than the note of the defendant, and indorsed to him by the payee. It was also admitted that the last mentioned note was purchased by the defendant, after the maturity and assignment of his note, the subject of this suit, but before McDonald & Co. had received notice of its assignment.

Upon this state of facts, the Court instructed the jury, that if the note sued on, was negotiated to the plaintiff, for a valuable and adequate consideration, previous to its maturity, and without notice of an off-set against it, then it was protected in the hands of the plaintiff, against the off-set held by the makers of the note, against Hurlbutt & Collins, although the said note might never have been negotiated to, or become a part of the property of the Bank.

19

The defendant excepted to this charge, and seeks to reverse the judgment rendered against him, for its supposed error.

J. G. BALDWIN, for the plaintiff in error, insisted, that the defence was not cut off by the law merchant, because that is abrogated by the act of 1812, nor by the statute, because the act referred to, is general in its provisions, allowing off-sets by the payee, in all cases of assigned paper, and excluding no class of notes, &c., whatever; nor by fraud because there is no *mala fides* shown; nor by the contract itself, because the undertaking is only that it shall be negotiable at the Bank, on which contingency alone the maker agrees to waive the right given by the statute. Stewart v. Anderson, 6 Cranch, 203 ; Aikin's Dig. 328, § 6; ib. 329, § 11; Emanuel v. Atwood, 6 Porter, 384; Mandeville v. Union Bank, 9 Cranch, 9; McMunn v. Sona, 4 Howard, 162.

REAVIS, contra,—cited Emanuel v. Atwood, 6 Porter, 384; Robertson v. Breedlove, 7 Porter, 541 ; Mandeville v. Union Bank, 9 Cranch, 9.

GOLDTHWAITE, J.—The precise question involved here has never been directly before the Court, though the case of Emanuel v. Atwood, 6 Porter, 384, tends directly to support the opinion of the Circuit Court.

The principle there decided is, that it is competent for the maker of a note, to stipulate with the payee, that no advantage shall be claimed of any off-set, if the note shall come to the hands of a *bona fide* holder by indorsement.

The vice of the argument of counsel, consists in considering the stipulation in this note, as confined to the Bank, when in truth it is general. The maker stipulates that the note shall be negotiable, and also payable, at the Bank. If by the contract, it was intended only that the Bank should be benefited, the intention would have been more clearly expressed by other terms.

A very slight change in the terms of this contract, will show very clearly, that the parties could only have intended to make the note negotiable generally, and not specially. If we strike out the Bank, and insert the store of A. B., as the place where it is to be paid, no one would suppose it should

also be negotiaed to A. B., to preclude the maker from insisting on an off-set against any other *bona fide* holder.   We cannot conceive why any other inference should be drawn in this case, because the note is payable at a Bank..

We are entirely satisfied that this note must be construed as an agreement, to waive the statute in favor of any *bona fide* indorsee.

Let the judgment be affirmed..